UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE BOLDUC )<br>Plaintiff )<br>)<br>v. )<br>)<br>COMMONWEALTH OF )<br>MASSACHUSETTS DEPARTMENT OF )<br>CORRECTION )<br>Defendant ) | C.A. No. _____ |

COMPLAINT AND DEMAND FOR JURY TRIAL

**Introduction**

1. This is an action under MGL Chapter 151B and 42 USC Section 2000e, for unlawful discrimination based upon gender, and for unlawful retaliation in violation of MGL Chapter 151B and 42 USC Section 2000e. The action is brought by Plaintiff Christine Bolduc, a female who worked for the Commonwealth of Massachusetts Department of Correction ("DOC") as a Correction Officer.

**Jurisdiction and Venue**

2. Jurisdiction over this matter lies in this Court pursuant to 42 USC Section 2000e-5, 28 USC Section 1343, and 28 USC Section 1367 (supplemental jurisdiction).

3. Venue in this District Court is proper because the illegal employment practices complained of herein occurred in Walpole, Norfolk County, Massachusetts. On information and belief, the employment records related to Plaintiff's employment with Defendant DOC are located within Norfolk, Norfolk County, Massachusetts.

4. On April 23, 2004 Ms. Bolduc filed a timely charge of retaliation and discrimination on the basis of gender with the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission.

5. In August 2004, Ms. Bolduc requested that her charges of discrimination pending at the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission be withdrawn to allow her to file suit in court. Those requests have been granted. On October 8, 2004 a Right to Sue Letter was issued by the U.S. Department of Justice in this matter. The Right to Sue Letter was mailed on October 12, 2004 and received by Ms. Bolduc on or after October 15, 2004. A copy of the Right to Sue Letter is

1

appended to this Complaint. Plaintiff has exhausted her administrative remedies and has timely invoked the jurisdiction of this Court.

**The Parties**

6. Christine Bolduc is a resident of Blackstone, Worcester County, Massachusetts. She is a citizen of the United States. She is a female.

7. Defendant Commonwealth of Massachusetts Department of Correction is an agency of the government of the Commonwealth of Massachusetts, with a principal place of business in Norfolk, Norfolk County, Massachusetts. It was Plaintiff's "employer" within the meaning of MGL Chapter 151B section 5, and a "person" within the meaning of MGL Chapter 151B section 4. At all times relevant to this Complaint, it was Plaintiff's employer within the meaning of 42 USC Section 2000e, was engaged in an industry affecting commerce within the meaning of 42 USC Section 2000e, and in all other respects met all of the requirements for coverage under 42 USC Section 2000e.

8. At all times relevant to this Complaint, Plaintiff performed her job in a satisfactory manner.

**Factual Background**

10. Ms. Bolduc started working for the Department of Correction in March 1995. Initially, she worked for the Department of Correction as a Correction Officer at MCI Framingham. The term "MCI" designates a prison operated by the Massachusetts Department of Correction. Effective September 9, 2001, Ms. Bolduc was transferred from MCI Framingham to MCI Cedar Junction, a position she preferred. MCI Framingham is a facility for female inmates. MCI Cedar Junction is a maximum security facility for male inmates.

11. During the time that Ms. Bolduc worked as a Correction Officer at MCI Cedar Junction there were very few female Correction Officers working at that institution. Additionally, it was common practice for female Correction Officers at MCI Cedar Junction to be treated less favorably than male Correction Officers and to be subjected to unfair treatment due to their gender.

12. In January, 2002, Ms. Bolduc placed a "bid" on a particular work assignment at MCI Cedar Junction, namely to work on a particular block (the Bristol I Block) from Tuesday through Saturday with Sunday and Monday off. Ms. Bolduc was the first female Correction Officer at MCI Cedar Junction to actually put a bid on a block in the "maximum" end of MCI Cedar Junction, and to both obtain that bid and to work the bid while alone (when her partner was not available). What that meant was that Ms. Bolduc was the employee who would "own" that particular work assignment and schedule. Ms. Bolduc placing this bid and obtaining the bid was contrary to the way women were usually treated at MCI Cedar Junction and caused resentment of her by male coworkers and male superiors.

13. Shortly after Ms. Bolduc received the bid, one of the Captains at MCI Cedar Junction (Captain Jones) told her that another Captain, Captain Furtado had told him to instruct Ms. Bolduc that she should remember where she was working.

14. After Ms. Bolduc received the bid, her work was subjected to much closer scrutiny and higher criticism than it had been previously and in terms of this scrutiny and other matters, she was treated differently, and more strictly than her male coworkers were treated. Shortly after Ms. Bolduc received this bid in January, 2002, she was subjected to criticisms for minor matters for which male officers would not have been criticized. Among these things were being criticized for being too loud on the radio and hanging around the gate. Also in February, 2002, Ms. Bolduc received what she considered to be an unjustified suspension for not doing her job properly in relation to the log book. Whether or not Ms. Bolduc had done her job improperly, males in similar situations merely received written warnings, whereas Ms. Bolduc received a 5-day suspension.

15. In June, 2003, Ms. Bolduc provided deposition testimony in a lawsuit in Massachusetts Superior Court which had been filed against the Department of Correction by a male coworker who had claimed that he had been subjected to discriminatory treatment due to having a disability. The testimony that Ms. Bolduc gave in that action supported various claims of discriminatory treatment which were made in the lawsuit by the Correction Officer who claimed to have been discriminated against. In her deposition testimony, Ms. Bolduc testified as to certain specific incidents that she was aware of where the Correction Officer had been subjected to unfair or discriminatory treatment due to his disability. This testimony Ms. Bolduc gave in her deposition, although truthful, was contrary to the interests of the Department of Correction, which claimed that the Correction Officer had not been subjected to any discriminatory treatment.

16. Starting in approximately March, 2003, certain conduct Ms. Bolduc engaged in on the job was investigated by the Department of Correction. Ms. Bolduc does not know what started this investigation. The conduct in question involved Ms. Bolduc's interactions with a particular male inmate at MCI Cedar Junction. After an investigation and certain administrative proceedings the Department of Correction issued its opinion that Ms. Bolduc had been involved in an inappropriate relationship with an inmate, which inappropriate relationship consisted of conversations Ms. Bolduc had allegedly engaged in with the inmate, her alleged failure to report a comment the inmate had made about another staff member and her alleged delivery of certain food items to an inmate which he was supposedly not entitled to. Ms. Bolduc specifically denies having engaged in any inappropriate conduct in relation to these allegations. Supposedly as a result of the investigation's findings, the Department of Correction terminated Ms. Bolduc's employment on August 14, 2003.

17. If Ms. Bolduc had been a male Correction Officer, the investigation into her conduct would never have occurred, the reports which were issued about the investigation would never had been generated, the findings which were issued would never have been made, and the discipline which was issued to her would never have been issued. Specifically, if Ms. Bolduc had been a male employee, the investigation would not even have occurred. Additionally, if Ms. Bolduc had been a male employee and even if these same allegations were found to be true, Ms. Bolduc would

have received an administrative transfer or a suspension rather than a termination. In relation to the termination of her employment on August 14, 2003, Ms. Bolduc was subjected to a different disciplinary standard than her male coworkers and she was subjected to a different disciplinary standard than she would have been had she been male rather than female. The investigation of Ms. Bolduc was conducted and the findings which were made were reached and the discipline which was given to her was decided upon, all because she was female and all to prove that females should not be allowed to work in the blocks at MCI Cedar Junction.

18. Another reason Ms. Bolduc was given the discipline which she received (termination of her employment) was in order to retaliate against her for having given testimony in the discrimination lawsuit discussed above, which testimony was contrary to the interests of the Department of Correction.

19. Other female Correction Officers working at MCI Cedar Junction have also been treated in a discriminatory manner and in general are treated differently and less favorably than male Correction Officers. The treatment of Ms. Bolduc was only part of a pattern of discriminatory and unfair treatment of female Correction Officers working for MCI Cedar Junction.

20. By the actions set forth above, the Department of Correction has engaged in discrimination and retaliation against Ms. Bolduc, and denial of her civil rights. The Department of Correction also failed to adequately investigate or stop the illegal actions taken against Ms. Bolduc as a female while she was employed as a Correction Officer. The discrimination and retaliation Ms. Bolduc complains of was sanctioned and directed by various supervisors and managers working for the Department of Correction at MCI Cedar Junction and possibly elsewhere.

21. The actions of the Department of Corrections set forth in this Complaint have caused Ms. Bolduc severe emotional pain and suffering as well as much financial harm. Ms. Bolduc's reputation has been tarnished and irreparably damaged. Ms. Bolduc's career has been damaged due to these actions. These injuries Ms. Bolduc has been caused to suffer by the illegal, discriminatory and retaliatory actions of the Department of Correction will continue into the future. The Department of Correction is fully responsible for any illegal actions against Ms. Bolduc taken by her supervisors.

22. The actions of the Department of Correction towards Ms. Bolduc as alleged in this Complaint were intentional, knowing and willful. These actions constitute discrimination on the basis of gender, as well as illegal retaliation, both in violation of M.G.L. c.151B and 42 U.S.C. §2000e.

**Count I-Against Commonwealth of Massachusetts Department of Correction for Discrimination on the Basis of Sex/Gender in Violation of MGL Chapter 151B**

23. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-22 above.

24. By its actions set forth above, Defendant DOC has engaged in discrimination against Christine Bolduc on the basis of sex/gender, in violation of MGL Chapter 151B.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant DOC, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and that Plaintiff be reinstated to her position with DOC, and such other and further relief that this Court deems just and proper.

## Count II-Against Commonwealth of Massachusetts Department of Correction for Discrimination on the Basis of Sex/Gender in Violation of 42 USC Section 2000e

25. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-24 above.

26. By its actions set forth above, Defendant DOC has engaged in discrimination against Christine Bolduc on the basis of sex/gender, in violation of 42 USC Section 2000e.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant DOC, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and that Plaintiff be reinstated to her position with DOC, and such other and further relief that this Court deems just and proper.

## Count III-Against Commonwealth of Massachusetts Department of Correction for Retaliation in Violation of MGL Chapter 151B

27. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-26 above.

28. In relation to her actions set forth above, Christine Bolduc was assisting another employee in the exercise of his rights not to be discriminated against on the basis of a disability, she was participating in a court proceeding brought pursuant to MGL Chapter 151B, and she believed in good faith that the DOC had engaged in wrongful discrimination and retaliation against the Correction Officer on whose behalf she testified.

29. In taking the actions referred to above, Christine Bolduc engaged in protected activity pursuant to MGL Chapter 151B and 42 U.S. Code section 2000e. As a result of engaging in protected activity she suffered an adverse action which was causally related to her having engaged in protected activity.

30. In taking the actions referred to above, Christine Bolduc was opposing practices prohibited by MGL Chapter 151B and 42 U.S. Code section 2000e, and has assisted another person in asserting their rights under MGL Chapter 151B.

31.   Through its actions set forth above, Defendant has coerced, intimidated,

threatened and interfered with Christine Bolduc in relation to her exercise and enjoyment of her rights granted pursuant to MGL Chapter 151B and 42 U.S. Code section 2000e, and has done so for her having aided and encouraged another person in his exercise and enjoyment of rights granted pursuant to MGL Chapter 151B.

32. The actions taken by Defendant of which Christine Bolduc complains, were taken against Christine Bolduc due to her opposition to practices forbidden by MGL Chapter 151B and 42 U.S. Code section 2000e.

33. By its actions set forth above, Defendant DOC has engaged in unlawful retaliation against Christine Bolduc and has interfered with Christine Bolduc's exercise of her protected rights, in violation of MGL Chapter 151B and 42 U. S. Code section 2000e.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant DOC, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and that Plaintiff be reinstated to her position with DOC, and such other and further relief that this Court deems just and proper.

## Count IV-Against Commonwealth of Massachusetts Department of Correction for Retaliation in Violation of 42 USC Section 2000e

34. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-33 above.

35. In relation to her actions set forth above, Christine Bolduc was assisting another employee in the exercise of his rights not to be discriminated against on the basis of a disability, she was participating in a court proceeding brought pursuant to MGL Chapter 151B, and she believed in good faith that the DOC had engaged in wrongful discrimination and retaliation against the Correction Officer on whose behalf she testified.

36. In taking the actions referred to above, Christine Bolduc engaged in protected activity pursuant to MGL Chapter 151B and 42 U.S. Code section 2000e. As a result of engaging in protected activity she suffered an adverse action which was causally related to her having engaged in protected activity.

37. In taking the actions referred to above, Christine Bolduc was opposing practices prohibited by MGL Chapter 151B and 42 U.S. Code section 2000e, and has assisted another person in asserting their rights under MGL Chapter 151B.

38. Through its actions set forth above, Defendant has coerced, intimidated, threatened and interfered with Christine Bolduc in relation to her exercise and enjoyment of her rights granted pursuant to MGL Chapter 151B and 42 U.S. Code section 2000e, and has done so for her having aided and encouraged another person in his exercise and enjoyment of rights granted pursuant to MGL Chapter 151B.

39. The actions taken by Defendant of which Christine Bolduc complains, were taken against Christine Bolduc due to her opposition to practices forbidden by MGL Chapter 151B and 42 U.S. Code section 2000e.

40. By its actions set forth above, Defendant DOC has engaged in unlawful retaliation against Christine Bolduc and has interfered with Christine Bolduc's exercise of her protected rights, in violation of MGL Chapter 151B and 42 U. S. Code section 2000e.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant DOC, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and that Plaintiff be reinstated to her position with DOC, and such other and further relief that this Court deems just and proper.

## JURY TRIAL DEMAND

## PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES AND COUNTS SO TRIABLE.

Christine Bolduc
By her attorney,
MITCHELL J. NOTIS

_____
MITCHELL J. NOTIS
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, MA 02445
617-566-2700
BBO# 374360

**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5060 7470

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

Ms. Christine M. Bolduc
c/o Mitchell J. Notis, Esquire
Law Office of Mitchell J. Notis
Attorney at Law
370 Washington St.
Brookline, MA  02445

October 8, 2004

Re:  EEOC Charge Against Commonwealth of Mass., Dept. of Corrections
     No. 16C200401498

Dear Ms. Bolduc:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                    Sincerely,

                                    R. Alexander Acosta
                                    Assistant Attorney General
                                    Civil Rights Division

                              by    *Karen L. Ferguson*
                                    Karen L. Ferguson
                                    Civil Rights Analyst
                                    Employment Litigation Section

cc:  Boston Area Office, EEOC
     Commonwealth of Mass., Dept. of Corrections



U.S. Department of Justice
CIVIL RIGHTS-EMP.LIT
Washington, D.C. 20530
Official Business

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      *Also complete AO 120 or AO 121
                                                                                  for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

    05 10037 RCL

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                        YES          (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                        YES          (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                        YES           NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                        YES           NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                        YES           NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       (EASTERN DIVISION)          CENTRAL DIVISION          WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION            CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____
ADDRESS _____
TELEPHONE NO. _____

(Cover sheet local.wpd - 11/27/00)

※JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| (b) County of Residence of First Listed Plaintiff _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____