COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTINE BOLDUC,                        )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Civil Action No: 05 Civ. 10067 RCL
                                         )
COMMONWEALTH OF MASSACHUSETTS,           )
DEPARTMENT OF CORRECTION,                )
                                         )
        Defendant.                       )
_____)

## DEFENDANT'S ANSWER, DEFENSES AND DEMAND FOR JURY TRIAL

The defendant, Commonwealth of Massachusetts–by and through its Department of

Correction, for its Answer to the Complaint, says:

### As to the Introduction

1.      It admits that this action purports to be brought under M.G.L. c.151B and 42

U.S.C. §2000e based upon allegations of gender discrimination and retaliation, and that plaintiff

is a female previously employed by the Department of Correction as a Correction Officer, but

otherwise denies the remaining allegations contained in paragraph 1.

### As to Jurisdiction and Venue

2.      It admits that, to the extent this Court has subject matter jurisdiction over

plaintiff's claims, it may exercise its discretion to adjudicate state law claims pursuant to the

Court's supplemental jurisdiction, subject to the defendant's sovereign immunity and Eleventh

Amendment immunity from suit in the federal courts.

3.      It admits that, to the extent this Court has subject matter jurisdiction over

plaintiff's claims and subject to the defendant's sovereign immunity and Eleventh Amendment immunity, venue in this Court is appropriate, and admits the remaining allegations contained in paragraph 3.

4.     It admits that plaintiff filed a charge of discrimination with the MCAD and EEOC, but denies the remaining allegations contained in paragraph 4.

5.     It refers to the copy of the right to sue letter appended to the Complaint for an accurate recitation of its terms, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

### As to the Parties

6.     Other than to admit that the plaintiff is female, it denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.     It admits that the defendant is an agency of the Commonwealth, and that the Commonwealth is an employer for purposes of chapter 151B and Title VII, subject to its sovereign and Eleventh Amendment immunities. It denies the remaining allegations contained in paragraph 7.

8.     It denies the allegations contained in paragraph 8.

### As to the Factual Background

9.     It notes that the Complaint does not contain a paragraph 9.

10.    Other than to deny knowledge or information sufficient to form a belief as to the allegations concerning plaintiff's preferences, it admits the allegations contained in paragraph 10.

11.    It denies the allegations contained in paragraph 11.

12.    It denies knowledge or information sufficient to form a belief as to the truth of

2

plaintiff's allegation that she placed a "bid" to work Tuesday through Saturday on Bristol I Block in January, 2002, that she was the first female CO to bid on a maximum security position at Cedar Junction, or that she was the first, female CO to be awarded the bid in a maximum security facility or cell block It otherwise denies the remaining allegations contained in paragraph 12.

13.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.    It admits that the plaintiff was disciplined for work performance issues and misconduct, including the incidents cited in paragraph 14. It denies the remaining allegations contained in paragraph 14.

15.    It admits that in June, 2003, the plaintiff was deposed in an action by a co-worker concerning that co-worker's disability discrimination claim. It otherwise denies the allegations contained in paragraph 15.

16.    It admits that in 2003, the defendant conducted an investigation concerning the plaintiff's inappropriate relationship with a male inmate, that the investigation concerned conduct which included but was not limited to her inappropriate relationship with that inmate, conversations with the inmate, her failure to report comments made by the inmate concerning staff members, and delivering prohibited items to the inmate. It admits that plaintiff denies allegations of misconduct and that the defendant terminated the plaintiff as a result of, but not limited to, the investigation's findings. It denies the remaining allegations contained in paragraph 16.

17.    It denies the allegations contained in paragraph 17.

18.    It denies the allegations contained in paragraph 18.

3

19.    It denies the allegations contained in paragraph 19.

20.    It denies the allegations contained in paragraph 20.

21.    It denies the allegations contained in paragraph 21.

22.    It denies the allegations contained in paragraph 22.

### As to Count I

23.    The defendant repeats each and every response to paragraphs one through 22 of

the Complaint as if set forth herein.

24.    It denies the allegations contained in paragraph 24.

### As to Count II

25.    The defendant repeats each and every response to paragraphs one through 24 as if

set forth herein.

26.    It denies the allegations contained in paragraph 26.

### As to Count III

27.    The defendant repeats each and every response to paragraphs one through 26 as if

set forth herein.

28.    Except to admit that she was deposed in an unrelated proceeding by a co-worker

alleging disability discrimination, it denies the allegations contained in paragraph 28.

29.    It denies the allegations contained in paragraph 29.

30.    It denies the allegations contained in paragraph 30.

31.    It denies the allegations contained in paragraph 31.

32.    It denies the allegations contained in paragraph 32.

33.    It denies the allegations contained in paragraph 33.

4

## As to Count IV

34.     The defendant repeats each and every response to paragraphs one through 33 of the Complaint as if set forth herein.

35.     Except to admit that the plaintiff was deposed in an unrelated proceeding by a co-worker alleging disability discrimination, it denies the allegations contained in paragraph 35.

36.     It denies the allegations contained in paragraph 36.

37.     It denies the allegations contained in paragraph 37.

38.     It denies the allegations contained in paragraph 38.

39.     It denies the allegations contained in paragraph 39.

40.     It denies the allegations contained in paragraph 40.

## **AFFIRMATIVE AND SEPARATE DEFENSES**

1.      The plaintiff has failed to state a claim upon which relief may be granted.

2.      The plaintiff's claim is barred in part by the defendant's sovereign immunity and Eleventh Amendment immunity from suit in federal court.

3.      The plaintiff's claim is barred by the applicable statute of limitations.

4.      The plaintiff cannot establish a *prima facie* case of discrimination under the applicable law.

5.      The plaintiff was disciplined for misconduct and was not treated any differently from similarly-situated employees.

## JURY DEMAND

The defendant demands a trial by jury.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,
by and through its DEPARTMENT OF
CORRECTION,

Defendant,

By its Attorneys,

THOMAS F. REILLY,
ATTORNEY GENERAL

Matthew Q. Berge BBO#560319
Assistant Attorneys General
Trial Division
One Ashburton Place
Boston, MA 02108
(617) 727-2200 ext.3350

DATED: June 16, 2005

## CERTIFICATE OF SERVICE

I certify that on this date, June 16, 2005, I served a copy of the forgoing document upon the counsel of record for the plaintiff, by delivering a copy via first class, U.S. Mail to Mitchell J. Notis, Esq., 370 Washington Street, Brookline, Massachusetts, 02445.

Matthew Q. Berge

6