# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

*C.A. NO.: 05-10067-RCL*

---

### CHRISTINE BOLDUC
**Plaintiff**

v.

### COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
**Defendant**

---

### PLAINTIFF'S PRE-TRIAL MEMORANDUM

In accordance with this Court's Order of March 7, 2007, Plaintiff Christine Bolduc submits the following Pre-Trial Memoranda.

### A.      COUNSEL

*Attorney for Plaintiff*
Mitchell J. Notis
370 Washington Street
Brookline, MA 02445
Tel.: 617-566-2700

*Attorney for Defendant*
Matthew Q. Berge, Assistant Attorney General
One Ashburton Place
Boston, MA 02108
Tel.: 617-727-2200 x2310

### B.      SUMMARY OF POSITIONS

Plaintiff asserts that when she was disciplined by the Department of Correction in August, 2003 by having her employment terminated, the reason she was disciplined, or disciplined as severely as she was, was either her gender (female) or illegal retaliation against her for having previously provided truthful deposition testimony against the interests of the Department of Correction in a discrimination lawsuit filed by another correction officer.  Plaintiff asserts that as a result of the illegal termination of her

1

employment she has suffered emotional distress damages and additionally despite her efforts to mitigate her damages, she has suffered losses in pay since the date of her firing to the present date which will continue into the future. Plaintiff also seeks to be reinstated to her position with the Department of Correction.

Defendant denies having discriminated against Plaintiff or having retaliated against her in any way. Defendant claims that Plaintiff's employment was terminated because she engaged in improper conduct while employed as a correction officer.

**C.    CLAIMS OR DEFENSES**

Plaintiff does not intend on waiving or dismissing any of her claims asserted in the Complaint in this action. However, it is the understanding of counsel for Plaintiff that there is a lawsuit pending in Suffolk Superior Court in which the labor union of which Plaintiff was a member, is seeking to enforce what it claims was a Settlement Agreement regarding the termination of Plaintiff's employment. It is further the understanding of counsel for Plaintiff that should Plaintiff's union prevail in that lawsuit, Defendant may seek to amend its Answer in this action, claiming that if the Settlement Agreement is enforced, part of that agreement includes the waiver by Plaintiff of any discrimination or retaliation claims against Defendant.

**D.    ANTICIPATED ESTABLISHED FACTS**

1.    Christine Bolduc was hired by the Department of Correction as a CO-I in 1995.
2.    Christine Bolduc worked for the Department of Correction as a CO-I from 1995 through August 14, 2003.
3.    From September 2001 through August 14, 2003 Christine Bolduc worked for the Department of Correction as a CO-I at MCI Cedar Junction.
4.    On June 30, 2003, Christine Bolduc testified at a deposition in the discrimination lawsuit entitled <u>Paul Canali v. Massachusetts Department of Correction</u>.
5.    On August 14, 2003, Christine Bolduc's employment with the Department of Correction ended when she was terminated.

**E.    CONTESTED ISSUES OF FACT**

1.    Whether Christine Bolduc's gender played any role in the decision to terminate her employment.
2.    Whether Christine Bolduc's having testified against the interests of the Department of Correction in a deposition in a discrimination lawsuit regarding a fellow correction officer, played any role in the decision to terminate her employment.

**F.      PENDING MOTIONS**

Plaintiff has filed a Motion in Limine seeking to exclude from evidence the document listed as "Executive Summary" in the Statement of Exhibits presented by Defendant to counsel for Plaintiff.  The Motion in Limine is appended to this memorandum.

**G.      ISSUES OF LAW**

As is set forth above, Plaintiff has filed a Motion in Limine in this action seeking to exclude from evidence the Investigative Report upon which Defendant supposedly relied in deciding to terminate Christine Bolduc.  Other than this Motion in Limine and Motions in Limine which may be brought by Defendant, Plaintiff is not aware of any unique issues of law in this case.

**H.      ANY REQUESTED AMENDMENTS TO THE PLEADINGS**

As is set forth in response to Question C above, Plaintiff will not be making any amendments to the pleadings.  However, Defendant may seek to amend its Answer depending upon the outcome of the lawsuit between Plaintiff's labor union and Defendant which is currently scheduled for trial in state court on June 4, 2007.

**I.      ADDITIONAL MATTERS**

Plaintiff is not aware of any additional matters to aid the Court in the disposition of this action.  Plaintiff notes that a settlement demand has been made to Defendant.  Plaintiff would also be willing to attend a mediation session prior to the trial of this action, in an attempt to resolve this dispute.

**J.      LENGTH OF TRIAL**

Plaintiff anticipates it will take 6-8 days for this case to be tried.

**K.      WITNESSES**

Plaintiff does not anticipate having to call all of the witnesses listed below, but has not yet determined which of the witnesses whose testimony may be cumulative will not be called.

1. CHRISTINE BOLDUC, 240 BLACKSTONE STREET, BLACKSTONE, MA-Fact witness and damages witness.
2. ARTHUR "RED" TURNER-Fact witness.
3. JOE CUMMINS (CUMMINGS), ATLEBORO, MA-Fact witness.
4. MIKE BUCKLEY-Fact witness.

5.  JOHN SILVIA-Fact witness.
6.  ROBIN BETTS-Fact witness.
7.  TOM BEAULIEU-Fact witness.
8.  JOHN JONES-Fact witness.
9.  JAMES FURTADO-Fact witness.
10. JOSEPH PARLON, 22 ELEANOR ROAD, WALPOLE, MA-Fact Witness.
11. JEFF LEVASSEAUR, WEBSTER, MA-Fact witness.
12. PAUL CANALI, 28 AFONSO WAY, MILLVILLE, MA-Fact witness and damages witness.
13. KATHLEEN ZMETRA, BLACKSTONE, MA-Damages witness.
14. MARY CROWSHAW, CRANSTON, RI-Damages witness.
15. STEVEN KENNEDY-Fact witness.
16. JEFFREY BOLGER-Fact witness.
17. DENNIS CULLEN-Fact witness.
18. PHIL SMITH-Fact witness.
19. BRIAN LEVETT-Fact witness.
20. MIKE SHEEHAN-Fact witness.
21. DAVID ADDISON-Fact witness.
22. COREY HANKS-Fact witness.
23.  CHIP SOLEY-Fact Witness.


**L.      PROPOSED EXHIBITS**


Agreed Exhibits:

1.  MCI Cedar Junction CO-I Reprimands-attachment to interrogatory answers
2.  MCI Cedar Junction Terminations-attachment to interrogatory answers
3.  MCI Cedar Junction CO-I discipline-attachment to interrogatory answers
4.  Incident Report dated 3/19/03
5.  Incident Report dated 3/11/03
6.  Letter to Christine Bolduc dated 8/14/03
7.  Letter to Christine Bolduc dated 7/23/03
8.  Letter to Christine Bolduc dated 7/29/03
9.  Christine Bolduc Performance Review Form for 2002-2003

Other Exhibits Plaintiff will seek to introduce:

A-Deposition transcript of Christine Bolduc in Canali vs. Department of Correction
B-Settlement Agreement and Release between MCOFU, Department of Correction and Christine Bolduc
C-Plaintiff's Tax Returns for 2003
D-Plaintiff's Tax Returns for 2004
E-Plaintiff's Tax Returns for 2005
F-Plaintiff's Tax Returns for 2006

G-Grievance dated 8/28/03
H-Letter to Arthur Turner dated 10/7/03
I-Letter to Christine Bolduc dated 12/18/02

**M.    JURY INSTRUCTIONS**

Plaintiff has appended to this Brief her proposed Jury Instructions.

**N.    VOIR DIRE QUESTIONS**

Plaintiff has appended to this Brief her proposed questions to the jury on voir dire.

CHRISTINE BOLDUC
By her Attorney,

/s/ Mitchell J. Notis
_____
Mitchell J. Notis, BBO 374360
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, MA 02445
Tel.: (617) 566-2700

CERTIFICATE OF SERVICE

I, Mitchell J. Notis, hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party to this action by electronic means using the Court's Electronic Case Filing System on 5/23/07.

/s/ Mitchell J. Notis
_____
Mitchell J. Notis

# APPENDIX TO PLAINTIFF'S PRE-TRIAL MEMO

# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

*C.A. NO.: 05-10067-RCL*

─────────────────────────────

### CHRISTINE BOLDUC
**Plaintiff**

**v.**

### COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
**Defendant**

─────────────────────────────

## PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS

Plaintiff Christine Bolduc hereby respectfully requests that the Court give the following instructions to the jury in this action:

**PLAINTIFF'S REQUEST #1**

OUTLINE OF CLAIMS BROUGHT AGAINST DEFENDANT

Plaintiff Christine Bolduc ("Plaintiff") has brought two claims against the Massachusetts Department of Correction.

Ms. Bolduc's claims revolve around the fact that her employment as a Correction Officer was terminated by the Department of Correction ("DOC") on August 14, 2007.  Ms. Bolduc claims that in terminating her employment as discipline for what DOC claimed was improper conduct, the DOC disciplined her, and/or disciplined her overly severely, due to either her gender (female) or the fact that she had previously provided truthful testimony in the case of another correction officer who was suing the DOC for discrimination.

With regard to the claim of gender or sex discrimination, Ms. Bolduc claims that if not for her being female, she would not have had her employment terminated for the actions of which she was found responsible.  Ms. Bolduc claims that in terminating her employment due to her gender, the DOC violated state and federal laws prohibiting discrimination due to gender or sex.

Secondly, Ms. Bolduc alleges that she was retaliated against, in violation of various federal and state laws, for having provided truthful testimony on June 30, 2003, in a discrimination lawsuit brought by another correction officer against the DOC.  She claims that the severity of the discipline given to her in August 2003 was retaliation against her for her truthful testimony.

It is not necessary that you find that the termination of Ms. Bolduc's termination was both sexual discrimination as well as being retaliatory.  You can find the termination to have been both discriminatory and retaliatory, to have been neither discriminatory nor retaliatory, or to have been one but not the other.

**PLAINTIFF'S REQUEST #2**

<u>INFERENCES</u>

An inference is a permissible deduction that you may make from evidence that you have accepted as believable.  Inferences are things you do every day:  little steps in reasoning, in which you take some known information, apply your experience in life to it, and then draw a conclusion.

You may draw an inference even if it is not necessary or inescapable, so long as it is reasonable and warranted by the evidence.

<u>AUTHORITY:</u>

Hon. Patrick F. Brady, Hon. Elizabeth Butler, and John O. Mirick, *et al.* <u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, § 1.9 (2001); <u>Commonwealth v. Niziolek</u>, 380 Mass. 513, 523-24, 404 N.E.2d 643 (1980).

**PLAINTIFF'S REQUEST #3**

<u>SEX DISCRIMINATION – GENERALLY</u>

Plaintiff claims that the DOC discriminated against her because she is a woman, in violation of the Massachusetts and federal anti-discrimination statutes.  Specifically, Plaintiff claims that, due to her gender, the DOC terminated her employment.

In order to prove a claim for discrimination, Plaintiff must prove to you by a preponderance of the credible evidence that the DOC intended to discriminate against her and that but for Plaintiff's gender, the DOC would not have terminated her employment.


<u>AUTHORITY:</u>

Hon. Patrick F. Brady, Hon. Elizabeth Butler, and John O. Mirick, *et al.* <u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, § 5.2.1 (2001) (modified); <u>Model Jury Instructions; Employment Litigation</u>, § 1.02[1] (1994) (modified).

**PLAINTIFF'S REQUEST #4**

<u>SEX DISCRIMINATION – MOTIVE, INTENT OR STATE OF MIND</u>

In this case, the critical issue is why the DOC terminated Plaintiff's employment.

It is unlawful to take an adverse employment action against a person because of her gender; it is not unlawful to take an adverse employment action against a person for non-discriminatory reasons such as legitimate business reasons, performance reasons or to discipline an employee. To decide this case, you will have to inquire into and determinate the DOC's motive, intent or state of mind.

[a] Direct Evidence.

Sometimes motive, intent, or state of mind can be proved directly; for example, by a witness describing what his state of mind was or by a witness testifying to what a defendant said that would be reflective of his state of mind. Direct evidence is evidence that, if believed, would result in a highly probable inference that a forbidden bias was present in the workplace. Direct evidence can consist of statement of a defendant that suggests a discriminatory attitude toward women.

[b] Circumstantial Evidence.

At other times, motive, intent, or state of mind must be proved indirectly or circumstantially. Here, you may examine the DOC's actions and words, and all of the surrounding circumstances, to help you determine what their motive, intent, or state of mind was when they terminated Plaintiff's employment.

The law does not draw any distinction between the weight to be given direct or circumstantial evidence; that is up to the jury. Circumstantial evidence permits you to draw reasonable inferences from facts in evidence. The inference proposed from the evidence need not be the only one possible; however, it must be a reasonable inference.


<u>AUTHORITY:</u>

Hon. Patrick F. Brady, Hon. Elizabeth Butler, and John O. Mirick, *et al.* <u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, § 5.2.2 (2001) (modified); <u>Model Jury Instructions; Employment Litigation</u>, § 1.02[2], [3] (1994) (modified).

## PLAINTIFF'S REQUEST #5

<u>UNCONSCIOUS BIAS</u>

An employee may not necessarily be aware of his or her bias. Employment decisions that are made because of stereotypical thinking about people because of their race, color, national origin, sex, age or activities in filing claims of discrimination, whether conscious or unconscious, violate state and federal laws prohibiting discrimination.

<u>AUTHORITY:</u>

<u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228 (1989); <u>Lipshitz v. Raytheon Company</u>, 434 Mass. 493 (2001); <u>Riffelmacher v. Board of Police Commissioners of Springfield</u>, 27 Mass.App.Ct. 159, 163 (1989).

## PLAINTIFF'S REQUEST #6

### PROVING DISCRIMINATION BY CIRCUMSTANTIAL EVIDENCE

The laws under which Plaintiff has filed this lawsuit, state that it is illegal to fire someone, in other words to discriminate against them, because of their gender.  In this case, Christine Bolduc has introduced circumstantial evidence of gender discrimination with regard to her transfer.  In order to find in Christine Bolduc's favor based upon the circumstantial evidence she has submitted, Plaintiff must prove by a preponderance of the credible evidence the following:  [1] that Christine Bolduc is female; [2] that Christine Bolduc performed her job at an acceptable level; [3] that despite her qualifications Christine Bolduc's employment was terminated and

Here the Defendant contends and has offered evidence that the reason it fired Christine Bolduc related to job performance.  Because Defendant has produced evidence of a non-discriminatory reason for its actions, in order to find in Christine Bolduc's favor as to the firing in relation to the circumstantial evidence she has presented, Christine Bolduc must also prove one further element of her claim, namely: [4] that the reason given by Defendant was not the real reason for firing Ms. Bolduc, but was a pretext for discrimination.  If Christine Bolduc has proven that the asserted reason was false (in other words that the asserted reason was not believable, that it was just an excuse), then you may, but are not required to, infer that the employer is covering up a discriminatory intent, motive or state of mind.


AUTHORITY:

Lipshitz v. Raytheon Company, 434 Mass. 493 (2001).

## PLAINTIFF'S REQUEST #7

### PRETEXT

Circumstantial evidence of discrimination can include proof that the reason given by Defendant for firing Christine Bolduc is not true, or if more than one reason was given, that at least one of the reasons given was not true, that is, the reason given was not the real reason for the termination.

If Christine Bolduc has persuaded you that at least one of the employer's reasons is false, you may, but are not required to, infer that the employer is covering up a discriminatory intent, motive or state of mind.

AUTHORITY:

Lipshitz v. Raytheon Company, 434 Mass. 493 (2001).


A reason that such an inference is allowable is because experience indicates that people do not generally act in a totally arbitrary manner, without any underlying reasons, especially in a business setting.  In a situation where the legitimate reason or reasons advanced by the employer for taking an adverse action are rejected as not being the real or true reasons, one might reasonably conclude that it is more likely than not that the employer, who is generally assumed to act only with some reason, based its decision on an impermissible consideration.


AUTHORITY:

Blare v. Husky Injection Molding Systems, 419 Mass. 437, 441, 646 N.E.2d 111, 115 (1995); Wheelock College v. MCAD, 371 Mass. 130, 135, note 5, 355 N.E.2d 309, 313, note 5 (1976); Harrison v. Boston Financial Data Services, 37 Mass.App.Ct. 133, 136, 638 N.E.2d 41, 43 (1994).

**PLAINTIFF'S REQUEST #8**

<u>GENERAL ATMOSPHERE OF DISCRIMINATION</u>

Circumstantial evidence may include evidence of a general atmosphere of discrimination at the place of employment.

**PLAINTIFF'S REQUEST #9**

RETALIATION

Christine Bolduc claims that the DOC retaliated against her because she testified truthfully, in a deposition in a discrimination lawsuit filed by a fellow correction officer against the Department of Correction.  In other words, Christine Bolduc claims that the reason her employment with DOC was terminated, was retaliation against her for testifying in a discrimination lawsuit brought by a coworker.

To recover on this retaliation theory with regard to her firing, Christine Bolduc must prove to you by a preponderance of the credible evidence the following elements: [1] that Plaintiff engaged in protected activity by testifying in a discrimination lawsuit; [2] that the Defendant was aware of that activity; [3] that the Defendant thereafter took an adverse employment action against the Plaintiff; and [4] but for the Plaintiff's protected activity, the Defendant would not have taken the adverse employment action against her.


AUTHORITY:

Bain v. City of Springfield, 424 Mass. 758, 764-65, 678 N.E.2d 155, 160 (1997);
MacCormack v. Boston Edison, 423 Mass. 652, 662-63, 672 N.E.2d 1, 7 (1996);
Wheelock College v. MCAD, 371 Mass. 130, 138, 355 N.E.2d 309, 314-15 (1976);
Ruffino v. State Street Bank and Trust, 908 F.Supp. 1019, 1044 (D.Mass 1995).


I instruct you that the actions of Christine Bolduc in testifying in a deposition in a discrimination lawsuit legally constitutes protected activity for the purposes of determining whether retaliation occurred.  I also instruct you that the termination of Christine Bolduc's employment legally constitutes an adverse employment action for the purposes of determining whether retaliation occurred.

**PLAINTIFF'S REQUEST #10**

<u>DAMAGES – DISCRIMINATION AND RETALIATION CLAIMS</u>

If the Plaintiff has proven to you that the Defendant unlawfully discriminated against her or retaliated against her, then you must decide the amount of damages, if any, which will fairly compensate the Plaintiff.  The purpose of an award of compensatory damages is to make the Plaintiff whole for all of the losses that she has suffered because of the Defendant's unlawful discrimination or retaliation.  The Plaintiff bears the burden of proof on damages.  Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture or guess in awarding damages.  The award is acceptable as long as it is based on just and reasonable inferences from the evidence.  If you find that the Defendant unlawfully discriminated against the Plaintiff, then you may award damages in the following four areas: [1] back pay; [2] front pay; [3] emotional distress; and [4] punitive damages.  I will explain each to you.

**PLAINTIFF'S REQUEST #11**

<u>EMOTIONAL DISTRESS</u>

If you find that the Plaintiff has been discriminated against or retaliated against, you may also award her reasonable damages for her emotional distress.  Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety or humiliation suffered as a result of the discrimination or retaliation.  Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture or guess in awarding damages.  The award is acceptable as long as it is based on just and reasonable inferences from the evidence.

## PLAINTIFF'S REQUEST #12

<u>PUNITIVE DAMAGES</u>

If you find that the Defendant has intentionally discriminated against or retaliated against the Plaintiff, you may consider whether punitive damages are warranted. Punitive damages are different from compensatory damages. Unlike compensatory damages, which compensate the victim for the harm she has suffered, the purpose of punitive damages is to punish the Defendant for conduct that is outrageous because of the Defendant's evil motive or reckless indifference to the rights of others. Punitive damages are appropriate where the Defendant's conduct warrants condemnation and deterrence.

In determining the amount of a punitive damage award, if any, you should consider: [1] the character and nature of the Defendant's conduct; [2] the Defendant's wealth, in order to determine what amount of money is needed to punish the Defendant's conduct and to deter any future acts of discrimination; [3] the actual harm suffered by the Plaintiff; and [4] the magnitude of any potential harm to other victims if similar future behavior is not deterred.

If you do award punitive damages, you should fix the amount by using calm discretion and sound reason.

<u>AUTHORITY:</u>

<u>Rowlett v. Anheuser Bush</u>, 832 F.2d 194, 206-207 (1st Cir. 1987); <u>Contardo v. Merrill Lynch</u>, 753 F.Supp. 406, 412 (D.Mass. 1990); <u>BMW of North America v. Gore</u>, 517 U.S. 559 (1996).

CHRISTINE BOLDUC
By her Attorney,


/s/ Mitchell J. Notis
_____
Mitchell J. Notis, BBO 374360
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, MA 02445
Tel.: (617) 566-2700


CERTIFICATE OF SERVICE

I, Mitchell J. Notis, hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party to this action by electronic means using the Court's Electronic Case Filing System on 5/23/07.

/s/ Mitchell J. Notis
_____
Mitchell J. Notis

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

*C.A. NO.: 05-10067-RCL*

———————————————————

### CHRISTINE BOLDUC
**Plaintiff**

**v.**

### COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
**Defendant**

———————————————————

## PLAINTIFF'S REQUEST FOR QUESTIONS TO
## POTENTIAL JURY MEMBERS ON VOIR DIRE

Plaintiff Christine Bolduc, hereby respectfully requests that the Court ask the following questions to potential jury members on Voir Dire:

1. The person bringing this lawsuit, Christine Bolduc, claims that she was fired from her job due to her sex, female, and/or that she was fired from her job for giving truthful testimony in a discrimination lawsuit brought by a coworker against her employer, the Massachusetts Department of Correction. Based upon the facts I have just told you, do you have any feelings about this case?

2. Have you or any member of your family ever worked for the Massachusetts Department of Correction?

3. Have you or any member of your family ever worked for the Commonwealth of Massachusetts?

4. Have you or any member of your family ever worked in the field of corrections?

5. Have you or your spouse ever worked as a supervisor?

6. Have you or your spouse ever had the power to hire and fire employees?

7.      Has anyone ever complained about how you or your spouse supervised them?

8.      Has anyone ever claimed that you or your spouse discriminated against someone at work?

9.      Has anyone ever complained that you or your spouse retaliated against someone at work for their having complained of discrimination?

10.     Have you ever worked in a Human Resources Department or a personnel department?

11.     Do you have any feelings about employees who sue their employers for job discrimination or for retaliation for having complained about job discrimination?

12.     Have you ever been accused of harassment at work?

13.     Are you aware of having any negative feelings towards employees who are disciplined at work and then claim that they were disciplined due to discrimination or retaliation against them?


CHRISTINE BOLDUC
By her Attorney,

/s/ Mitchell J. Notis
_____
Mitchell J. Notis, BBO #374360
LAW OFFICE OF MITCHELL J. NOTIS
370 Washington Street
Brookline, MA 02445
Tel.: (617) 566-2700


CERTIFICATE OF SERVICE

I, Mitchell J. Notis, hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party to this action by electronic means using the Court's Electronic Case Filing System, on May 23, 2007


/s/Mitchell J. Notis

_____
MITCHELL J. NOTIS

# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

*C.A. NO.: 05-10067-RCL*

-----------------------------------

### CHRISTINE BOLDUC
### Plaintiff

### v.

### COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
### Defendant

-----------------------------------

### PLAINTIFF'S MOTION IN LIMINE

Plaintiff Christine Bolduc, through counsel, hereby respectfully requests that Defendant not be allowed to introduce into evidence or read to the jury the "Executive Summary" of the disciplinary investigation conducted into Plaintiff's conduct, which was allegedly part of the basis for Defendant deciding to terminate Plaintiff's employment.

Defendant conducted an investigation of Plaintiff in the Spring of 2003, and it was supposedly on the basis of that investigation that the decision was made to terminate Plaintiff's employment in August 2003. Defendant seeks to introduce into evidence in this action an "Executive Summary" of the investigation.

The "Executive Summary" Defendant seeks to introduce into evidence contains numerous hearsay statements which would not otherwise be admissible in this action, and which tend to place Plaintiff in a bad light. Should the "Executive Summary" and these statements be admitted into evidence, Plaintiff will not have the opportunity to cross-examine either the individuals who made the statements, or the managers who prepared the report and who drew conclusions from these statements. Additionally, a number of

23

the allegations investigated (and discussed in the report) are allegations of very serious misconduct (such as having sexual relations with an inmate and introducing narcotics to the prison), which Plaintiff was found not to have engaged in. However, by the presence in the report of these serious but unfounded allegations, the jury in this case will likely be misled, confused and unduly prejudiced by the report.

Defendant will not be prejudiced by the exclusion of the "Executive Summary," as Defendant will be able to have witnesses testify as to the conclusions in the report regarding conduct which Plaintiff was found to have engaged in, without the misleading and unduly prejudicial and inflammatory aspects of the investigation being before the jury.

**CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that Defendant not be allowed to introduce into evidence or read to the jury the "Executive Summary" of the investigation conducted of Plaintiff.

CHRISTINE BOLDUC
By her Attorney,

/s/ Mitchell J. Notis
_____

Mitchell J. Notis, BBO #374360
LAW OFFICE OF MITCHELL J. NOTIS
370 Washington Street
Brookline, MA 02445
Tel.: (617) 566-2700

24

CERTIFICATE OF SERVICE

I, Mitchell J. Notis, hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party to this action by electronic means using the Court's Electronic Case Filing System, on May 23, 2007

/s/Mitchell J. Notis

_____

MITCHELL J. NOTIS, BBO# 374360