UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
CHRISTINE BOLDUC,                         )
                                          )
       Plaintiff,                         )
                                          )
v.                                        )      Civil Action No: 05 Civ. 10067 RCL
                                          )
COMMONWEALTH OF MASSACHUSETTS,            )
DEPARTMENT OF CORRECTION,                 )
                                          )
       Defendant.                         )
_____ )

**DEFENDANT'S PRETRIAL MEMORANDUM**

      The defendant, Commonwealth of Massachusetts–by and through its Department of

Correction, in accordance with the Court's March 7, 2007 Order for Final Pretrial Conference to

be held May 31, 2004, provides the following Pretrial Memorandum.

(a)     <u>Counsels' Name, Address and Telephone</u>

       Matthew Q. Berge, BBO#560319
       Ann Sterman, BBO#650426
       Assistant Attorneys General
       Government Bureau/Trial Division
       One Ashburton Place, Room 1813
       Boston, MA  02125
       (617) 727-2200 ext. 2310

(b)     <u>Summary of the Defendant's position with respect to liability and damages</u>

      This is a gender discrimination and retaliation claim under Title VII and chapter 151B of

the Massachusetts General Laws by a female correction officer.  The plaintiff was employed by

the defendant as a correction officer (CO I), and was terminated for violating the defendant's

rules and regulations.  Following an investigation prompted by an informant's "tip," the

defendant concluded in March, 2003 that the plaintiff had and continued to engage in an

inappropriate, personal relationship with an inmate.   This inappropriate relationship was a serious breach of institution security, and was the culmination of progressive disciplinary actions for unrelated violations of DOC rules and regulations over the course of plaintiff's career which established that her termination was justified.

The plaintiff cannot establish a claim for retaliation based upon her testimony in another employee's litigation.   Even if she did engage in protected activity under the law, there is no evidence of any adverse employment consequences or causal nexus between the activity cited and the adverse employment consequences cited.

The plaintiff was terminated for justifiable reasons.   She violated several rules and regulations that placed her, fellow employees and inmates at risk of harm, including engaging in an inappropriate relationship with an inmate, failing to report a threat by the inmate on another officer, attempting to deliver contraband items from one inmate to another, and others.   She did not suffer any compensable harm. Her claim for back wages must be offset by the salaries she earned in subsequent employment and by her failure to mitigate her own loss of wages.   She will not meet her burden of proving that she suffered  emotional distress as a matter of law or, in the alternative, that there is a causal nexus between her alleged emotional distress and any unlawful conduct.

(c)     <u>Claims or Defenses to be waived</u>

      1.     The defendant will waive it statute of limitations claim only to the extent plaintiff claims discrimination based upon gender with respect to the March 2003 investigation, findings and resulting discharge. Defendant contends, however, that the statute of limitations bars her action for retaliation based upon testimony

provided in the co-worker's lawsuit. The defendant does not waive the statute of limitations with respect to any claim of disparate treatment or hostile work environment preceding that the limitations period and reserves its right to assert that defense in light of the evidence presented.

(d)    Statement of Stipulated Facts and those established by the pleadings:

The defendant adopts the agreed statement of facts cited in plaintiff's pre-trial memorandum.

(e)    Contested issues of fact:

1.    Whether plaintiff can meet a *prima facie* case of discrimination by showing she was qualified to perform her job, or that she was replaced by an equally or less qualified, male employee.

2.    Whether the plaintiff can establish that the evidence offered by defendant of legitimate reasons for plaintiff's discipline and ultimate termination are false and no more than a pretext.

3.    Whether, even if the defendant's employees were motivated by animosity towards plaintiffs gender, she would have been terminated in any event for violation of the department's rules and regulations.

4.    Whether the plaintiff can establish a claim of disparate treatment, by introduction of sufficient evidence of similarly-situated, male employees who were treated differently in the terms and conditions of employment, including disciplinary action and termination.

5.    Whether plaintiff was aware before the limitations period expired that she was

suffering disparate treatment because of her gender, or retaliation for engaging in protected activity under Title VII by testifying in a co-worker's lawsuit.

(f)     Pending Motions

None

(g)     Issues of law, including evidentiary questions

1.     Whether any judgment entered by the Superior Court of Massachusetts after trial on June 4, 2007,  in a matter filed by plaintiff and her union seeking enforcement of a settlement agreement and release alleged to have been entered as a result of the termination at issue in this litigation, would bar this lawsuit.  Hernandez, *et al.* v. Philip Morris USA, First Circuit No. 06-1968 (May 1, 2007). .

(h)     Requested Amendments to Pleadings

The defendant does not request any amendments.  However, the defendant will move to supplement its answer pursuant to Fed.R.Civ.P. 15(d), should the Superior Court enter an order declaring that the settlement agreement executed by plaintiff, which includes her release of all claims in the MCAD and "any forum" is enforceable, to assert the release as a defense to this Title VII claim.

(i)     Additional matters in need of disposition

None known.

(j)     Probable Length of Trial (9:00 a.m – 1:00 p.m.)

The defendant estimates that the trial, excluding jury selection and deliberation, will require six to seven trial days.

(k)     Defendant's anticipated witnesses:

All of the witnesses identified below are employees of the defendant Massachusetts Department of Correction, 50 Maple Street, Milford, Massachusetts, 01757, whose counsel's telephone number is 617-727-3300.

Because of the sensitivity of their personal data and personal risk that may arise if personal data is revealed for each employee in a public record, the defendant respectfully requests that it be relieved of the obligation to provide each department employee's address and telephone number as required by part 2(a) of the Court's March 7, 2007 order.

John Jones, employed as a Captain with the Department of Correction at MCI Cedar Junction at the times relevant to the complaint, who may have information concerning plaintiff's allegations in paragraph 13 of the complaint.

James Furtado, (retired) employed as a Captain with the Department of Correction at MCI Cedar Junction at the times relevant to the complaint, who may have information concerning plaintiff's allegations in paragraph 13 of the complaint.

Peter Allen, former Superintendent of MCI Cedar Junction, may have information relevant to plaintiff's work performance and disciplinary actions taken against plaintiff.

Joseph Cummings, correction officer, may have information relevant to conversations with plaintiff concerning interaction with inmate subject to the later investigation leading to her termination.

Edwin Doolin, Captain, ordered plaintiff to write report concerning comments by the subject inmate.

David Brien, correction officer involved in IPS investigation of plaintiff, observed her interactions with subject inmate on one or more occasions, which were included in final report leading to termination.

William Grossi, Captain, coordinates IPS investigation of plaintiff and her inappropriate relationship with subject inmate.

Jeffrey Clement, correction officer involved in IPS investigation of plaintiff, observed her interactions with subject inmate on one or more occasions, which were included in final report leading to termination.

William Shugrue, sergeant, monitored investigation by radio as surveillance of plaintiff

5

and subject inmate conducted by other investigators.

<u>Marc Fogeran</u>,  correction officer involved in IPS investigation of plaintiff, observed her interactions with subject inmate on one or more occasions, which were included in final report leading to termination.

<u>Ernie Silva</u>, Sergeant, observed and reported plaintiff delivering contraband and other items to and from inmates in violation of DOC regulations.

<u>David Addison</u>, correction officer, may have observed events leading to or following inmate's request to Plaintiff that she deliver the items to another inmate on his behalf, leading to Sgt. Silva's report.

<u>Steven Kennedy</u>, Sergeant, involved in IPS investigation of plaintiff, observed her interactions with subject inmate on one or more occasions, which were included in final report leading to termination.

<u>Jeffrey Bolger</u>-Human Resources director, as a fact witness concerning disciplinary processes, and to rebut evidence of similarly-situated employees.

<u>Ronald Duval</u>, Associate commissioner, as a fact witness concerning the applicable policies, rules and regulations underlying plaintiff's termination and other cited discipline

(l)     <u>List of Proposed Exhibits</u>

<u>Agreed Exhibits</u>

The defendant refers to the list of agreed exhibits in plaintiff's pretrial

memorandum.

<u>Defendant's proposed exhibits</u>

A.     Security video tapes from MCI Cedar Junction (defendant will attempt to transfer

to DVD for ease of presentation to jury)

B.     DOC Executive Summary re: March 2003 Internal Investigation of plaintiff

C     January 23, 2004 Addendum to Executive Summary

D.     DOC Rules and Regulations--the "Blue Book"

E.     Staff Sexual Misconduct and Inmate Policy

F.      Collective Bargaining Agreement applicable to plaintiff

G.      Plaintiff's disciplinary letters/written warnings from Personnel File.


(m)      Proposed Jury Instructions

Please see attachment A to this memorandum.  The defendant shall respectfully request

that it be allowed to amend or supplement these requests for instructions to conform to the

Court's subsequent orders, rulings, and the evidence presented to the jury as a result of such

orders or rulings.

(n)      Proposed *Voir Dire*

Please see attachment B to this memorandum

                                                Respectfully submitted,

                                                COMMONWEALTH OF MASSACHUSETTS,
                                                by and through its DEPARTMENT OF
                                                CORRECTION,

                                                Defendant,

                                                By its Attorneys,
                                                MARTHA COAKLEY,
                                                ATTORNEY GENERAL

                                                  **/s/ Matthew Q. Berge**
                                                Matthew Q. Berge BBO#560319
                                                Anne M. Sterman BBO#650426
                                                Assistant Attorneys General
                                                Trial Division
                                                One Ashburton Place
                                                Boston, MA 02108
                                                (617) 727-2200 ext.2310

DATED: May 24, 2007

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE BOLDUC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMONWEALTH OF MASSACHUSETTS, | ) |
| DEPARTMENT OF CORRECTION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil Action No: 05 Civ. 10067 RCL

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The defendant, Commonwealth of Massachusetts–by and through its Department of

Correction, submits the following, proposed instructions to the jury in this matter, subject to

supplementation as required by the evidence and allowed by leave of Court.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,
by and through its DEPARTMENT OF
CORRECTION,
Defendant,
By its Attorneys,
MARTHA COAKLEY,
ATTORNEY GENERAL

  **/s/ Matthew Q. Berge**
Matthew Q. Berge BBO#560319
Anne M. Sterman BBO#650426
Assistant Attorneys General/ Trial Division
One Ashburton Place
Boston, MA 02108
(617) 727-2200 ext.2310

DATED: May 24, 2007

INSTRUCTION NO. 1

The plaintiff has the burden of proving all the elements of both his gender discrimination claim and his religious discrimination claim.  This means that he must prove that the defendants (1) acted with intent or were motivated by their discriminatory animus towards plaintiff's gender or religion, and (2) that the defendants' discrimination was the determinative cause of the adverse employment decision. Straughn v. Delta Airlines, 250 F.3d 23 (1st Cir. 2001); Lipchitz v. Raytheon Company, 434 Mass. 493 (2001).

INSTRUCTION NO. 2--Circumstantial Evidence of Discrimination

In an case based upon circumstantial, or indirect, evidence, the plaintiff must prove that the defendant acted with a discriminatory intent, motive or state of mind.  "In an indirect evidence case, if [you] are persuaded that one or more of the employer's reasons [for the employment decisions] is false, [you] may, (but need not) infer that the employer is covering up a discriminatory intent, motive or state of mind. <u>Straughn v. Delta Airlines</u>, *supra;*  <u>Lipchitz v. Raytheon Company</u>, *supra*  at 501, *citing* <u>Riffelmacher v. Police Commissioners of Springfield</u>, 27 Mass. App.Ct. 159 (1989)

INSTRUCTION NO. 3--Determinative Cause

The plaintiff must also prove that the defendant's discriminatory animus was the "determinative cause" of the adverse employment decisions.  A jury may find that one or more of the reasons articulated by the defendant was false, and that the defendant exhibited discriminatory animus, but may still conclude that the discriminatory animus was not the "determinative cause. "

Lipchitz v. Raytheon Company, 434 Mass. at 507.

INSTRUCTION NO. 4--Disparate Treatment

In this case, the plaintiff claims that she suffered discrimination during her employment with the Department of Correction, prior to her termination.  In this time frame preceding her discharge, she claims that she was subject to "disparate treatment," because of her gender.  To establish that she suffered gender discrimination through disparate treatment, the plaintiff must prove that she was treated differently in the terms and conditions of her employment than "similarly situated" male correction officers.  Swallow v. Fetzer Vineyards, 46 Fed. Appx. 636, 648 (1st Cir. 2002), *citing* Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 129 (1997).

INSTRUCTION NO. 5--Disparate Treatment--Evidence Male Employees are "Similarly-Situated"

"To show that two individuals are similarly situated for purposes of showing disparate treatment, a plaintiff 'identify and relate specific instances where persons similarly situated in all relevant aspects were treated differently.'" Swallow v. Fetzer Vineyards, at 648, *quoting* Matthews v. Ocean Spray Cranberries, *supra* at 129.  This means that plaintiff must show that "...'she was similarly situated to [other Correction Officers at level I] in terms of performance, qualifications and conduct, without such differentiating or mitigating circumstances..." that would distinguish the male Correction Officer's situation from the plaintiff's circumstances.  *Id.*, *citing* Smith v. Status Computer, Inc, 40 F.3d 11, 17 (1st Cir. 1994).

INSTRUCTION NO. 6--Similarly situated

The standard for determining whether another employee is "similarly situated" to plaintiff is whether a prudent person, looking at the matter, the employee's conduct, rank, experience, duties, workplace and discipline imposes objectively, would think that this other employee was "roughly equivalent" to the plaintiff in her conduct, duties, rank, experience, workplace, and discipline imposed. Swallow v. Fetzer Vineyards, at 68, *citing* Conward v. Cambridge School Committee, 171 F.3d 12, 20 (1st Cir. 1999) (internal citation omitted).

INSTRUCTION NO. 7--RETALIATION – *prima facie* case

In this case, the plaintiff claims that the Department of Correction retaliated against her because she testified on behalf of a co-worker in support of the co-worker's anti-discrimination lawsuit.  In order to establish a *prima facie* case of retaliation, an employee must show that (i)s he engaged in protected activity which was known by the employer, (ii) an adverse employment action was taken against her by the employer, and (iii) there is a causal nexus between the adverse action and the protected activity known by the employer.   Wyatt v. City of Boston, 35 F.3d 13, 15 (1st Cir. 1994); Morris v. Boston Edison Co., 942 F.Supp. 65, 68-69 (D.Mass. 1996).

  If the plaintiff cannot establish any of these elements, then you need not inquire any further concerning this claim.

INSTRUCTION NO. 8 -Retaliation--Reasonable Belief Of Plaintiff

A claim for retaliation for opposing an employer's practice requires more than testifying during the proceedings.  The employee claiming retaliation in this context is required to show "....that she opposed an unlawful employment practice which he reasonably believed had occurred or was occurring'."  <u>Wyatt v. City of Boston</u>, 35 F.3d 13, 15 (1st Cir. 1994) *citing* <u>Bigge v. Albertsons, Inc.</u>, 894 F.2d 1497, 1501 (11th Cir. 1990).   The plaintiff, here, must establish by a preponderance of the evidence that he not only raised an objection to the DOC's discrimination against the co-worker, but that the plaintiff had a *reasonable* basis for making any such claim of discrimination in the testimony she provided.  *Id.*

INSTRUCTION NO. 9---Adverse Employment Action

For a claim of discrimination based upon disparate treatment or based upon retaliation, the plaintiff cannot recover damages unless she can establish based upon a preponderance of the evidence that she suffered an adverse employment action.  Mac Cormack v. Boston Edison Co., 423 Mass. 652, 662 (1996) *citing* Lewis v. Gillette, Co., 22 F.2d 22, 24 (1st Cir. 1994); *see also* Stutler v. Illinois Department of Correction, 263 F.3d 698, 702-703 (7th Cir. 2001).  To constitute "adverse employment action," the contested actions must be substantial enough to count as the kind of material disadvantage, such as actual termination, failure to promote, denial of a transfer, or refusal to hire an individual.  Miller v. NH Department of Correction, 296 F.3d 18, 22 (1st Cir. 2002)

INSTRUCTION NO. 10---Retaliation--Causation

Even if plaintiff can establish that she engaged in protected activity (i.e. that she provided testimony supporting another employee's lawsuit claiming violations by the DOC of the anti-discrimination laws), and proves that he suffered adverse employment consequences, he must still establish a causal link between the two.  Wyatt v. City of Boston, 35 F.3d 13, 15 (1st Cir. 1994); Morris v. Boston Edison Co., 942 F.Supp. 65, 68-69 (D.Mass. 1996).

INSTRUCTION NO. 11--Damages

The burden of proof on the issue of damages, as with every element of the plaintiffs' claims, rests on the plaintiffs.  They have the burden to establish by a preponderance of the evidence both the fact of damages and the amount of damages.  G.L. c. 151B, §9; <u>Stone v. Essex Newspaper, Inc.</u>,  367 Mass. 849, 860 (1975); <u>Malone v. Blecher</u>, 216 Mass. 209, 212 (1913).

INSTRUCTION NO. 12---Compensatory Damages: Causation: Emotional Distress

The plaintiff must establish by a preponderance of the evidence the causal connection between the defendant's discriminatory conduct and the plaintiff's injuries. <u>Lipchitz v. Raytheon</u>, *supra*.   If the injuries for which damages are claimed are not ascertainable or apparent to you by objective evidence, such as their claims for nervousness, depression or other mental conditions which the plaintiffs allege were caused by the defendant's acts, then, you may not award any compensation unless there is expert medical testimony or other objective testimony through witnesses from which you can make an informed judgment as to the existence, nature, duration and seriousness of such condition, and whether it is causally related to the alleged conduct of the defendant.  <u>Bullared v. Central Vermont Ry., Inc.</u>, 565 F.2d 193, 197 (1st Cir. 1977); <u>Perez v. Rodriguez</u>, 575 F.2d 21, 25 (1st Cir. 1961).

INSTRUCTION NO. 13--Punitive Damages

The plaintiff is seeking punitive damages, which you may award for employment discrimination if the following conditions are met.  G.L. c.151B, §9. You may only award punitive damages if you find the defendant's conduct was outrageous due to the defendant's evil motive or reckless indifference to the rights of the plaintiffs.  Bain v. City of Springfield, 424 Mass. 758, 763-764 (1997) Abramian v. President & Fellows of Harvard College, 432 Mass. 107, 119 (2000); Dartt v. Browning-Ferris Indus, Inc., 427 Mass. 1, 17 (1998).  The fact that the defendant might have acted with discriminatory intent is not enough to award punitive damages, since the legislature intended punitive damage awards be made under those circumstances that are so egregious that punishment is required to deter the defendant from engaging in such conduct in the future.  Labonte v. Hutchins & Wheeler, 424 Mass. 813, 826 (1997)(adopting BMW of N. Am. v. Gore, 517 U.S. 559 (1996)).That reasonableness of a punitive damage award, if warranted, should consider the following these factors: (1) degree of reprehensibility of defendant's conduct; (2) the actual harm plaintiff suffers; and (3) comparison with any civil or criminal penalties that could be imposed for comparable misconduct, (4) the amount which would punish the defendant, given the defendant's wealth or ability to pay a judgment, and (5) the likelihood of the conduct re-occuring without such punitive measures. See Labonte.

INSTRUCTION NO. 14---Reasonableness of Damages

Damages must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate her for her loss, as established by a preponderance of the evidence in the case, and which were sustained as a proximate result of the defendant's conduct.  You are not permitted to award speculative damages.  So, you are not to include in any verdict, compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.  Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251 (1946), reh. denied, 327 U.S. 817; Story Parchment Co., v. Paterson Parchment Paper Co., 282 U.S. 555 (1931); Brown v. United States, 230 F. Supp. 774, 776 (D. Mass. 1964).

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| CHRISTINE BOLDUC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No: 05 Civ. 10067 RCL |
| | ) |
| COMMONWEALTH OF MASSACHUSETTS, | ) |
| DEPARTMENT OF CORRECTION, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

---

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**


The defendant, Commonwealth of Massachusetts–by and through its Department of Correction, submits the following, proposed instructions to the jury in this matter, subject to supplementation as required by the evidence and allowed by leave of Court.

Respectfully submitted,

24

COMMONWEALTH OF MASSACHUSETTS,
by and through its DEPARTMENT OF
CORRECTION,
Defendant,
By its Attorneys,
MARTHA COAKLEY,
ATTORNEY GENERAL

   **/s/ Matthew Q. Berge**
Matthew Q. Berge BBO#560319
Anne M. Sterman BBO#650426
Assistant Attorneys General/ Trial Division
One Ashburton Place
Boston, MA 02108
(617) 727-2200 ext.2310

DATED: May 24, 2007

25

INSTRUCTION NO. 1

The plaintiff has the burden of proving all the elements of both his gender discrimination claim and his religious discrimination claim.  This means that he must prove that the defendants (1) acted with intent or were motivated by their discriminatory animus towards plaintiff's gender or religion, and (2) that the defendants' discrimination was the determinative cause of the adverse employment decision. Straughn v. Delta Airlines, 250 F.3d 23 (1st Cir. 2001); Lipchitz v. Raytheon Company, 434 Mass. 493 (2001).

INSTRUCTION NO. 2--Circumstantial Evidence of Discrimination

In an case based upon circumstantial, or indirect, evidence, the plaintiff must prove that the defendant acted with a discriminatory intent, motive or state of mind. "In an indirect evidence case, if [you] are persuaded that one or more of the employer's reasons [for the employment decisions] is false, [you] may, (but need not) infer that the employer is covering up a discriminatory intent, motive or state of mind. Straughn v. Delta Airlines, *supra;*  Lipchitz v. Raytheon Company, *supra*  at 501, *citing* Riffelmacher v. Police Commissioners of Springfield, 27 Mass. App.Ct. 159 (1989)

INSTRUCTION NO. 3--Determinative Cause

The plaintiff must also prove that the defendant's discriminatory animus was the "determinative cause" of the adverse employment decisions.  A jury may find that one or more of the reasons articulated by the defendant was false, and that the defendant exhibited discriminatory animus, but may still conclude that the discriminatory animus was not the "determinative cause. "

Lipchitz v. Raytheon Company, 434 Mass. at 507.

INSTRUCTION NO. 4--Disparate Treatment

In this case, the plaintiff claims that she suffered discrimination during her employment with the Department of Correction, prior to her termination.  In this time frame preceding her discharge, she claims that she was subject to "disparate treatment," because of her gender.  To establish that she suffered gender discrimination through disparate treatment, the plaintiff must prove that she was treated differently in the terms and conditions of her employment than "similarly situated" male correction officers.  Swallow v. Fetzer Vineyards, 46 Fed. Appx. 636, 648 (1st Cir. 2002), *citing* Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 129 (1997).

INSTRUCTION NO. 5--Disparate Treatment--Evidence Male Employees are "Similarly-Situated"

"To show that two individuals are similarly situated for purposes of showing disparate treatment, a plaintiff 'identify and relate specific instances where persons similarly situated in all relevant aspects were treated differently.'" Swallow v. Fetzer Vineyards, at 648, *quoting* Matthews v. Ocean Spray Cranberries, *supra* at 129. This means that plaintiff must show that "...'she was similarly situated to [other Correction Officers at level I] in terms of performance, qualifications and conduct, without such differentiating or mitigating circumstances..." that would distinguish the male Correction Officer's situation from the plaintiff's circumstances. *Id.*, *citing* Smith v. Status Computer, Inc, 40 F.3d 11, 17 (1st Cir. 1994).

INSTRUCTION NO. 6--Similarly situated

The standard for determining whether another employee is "similarly situated" to plaintiff is whether a prudent person, looking at the matter, the employee's conduct, rank, experience, duties, workplace and discipline imposes objectively, would think that this other employee was "roughly equivalent" to the plaintiff in her conduct, duties, rank, experience, workplace, and discipline imposed.  Swallow v. Fetzer Vineyards, at 68, *citing* Conward v. Cambridge School Committee, 171 F.3d 12, 20 (1st Cir. 1999) (internal citation omitted).

INSTRUCTION NO. 7--RETALIATION – *prima facie* case

In this case, the plaintiff claims that the Department of Correction retaliated against her because she testified on behalf of a co-worker in support of the co-worker's anti-discrimination lawsuit.  In order to establish a *prima facie* case of retaliation, an employee must show that (i)she engaged in protected activity which was known by the employer, (ii) an adverse employment action was taken against her by the employer, and (iii) there is a causal nexus between the adverse action and the protected activity known by the employer.  Wyatt v. City of Boston, 35 F.3d 13, 15 (1st Cir. 1994); Morris v. Boston Edison Co., 942 F.Supp. 65, 68-69 (D.Mass. 1996).

  If the plaintiff cannot establish any of these elements, then you need not inquire any further concerning this claim.

INSTRUCTION NO. 8 -Retaliation--Reasonable Belief Of Plaintiff

A claim for retaliation for opposing an employer's practice requires more than testifying during the proceedings. The employee claiming retaliation in this context is required to show "....that she opposed an unlawful employment practice which he reasonably believed had occurred or was occurring'." Wyatt v. City of Boston, 35 F.3d 13, 15 (1st Cir. 1994) *citing* Bigge v. Albertsons, Inc., 894 F.2d 1497, 1501 (11th Cir. 1990). The plaintiff, here, must establish by a preponderance of the evidence that he not only raised an objection to the DOC's discrimination against the co-worker, but that the plaintiff had a *reasonable* basis for making any such claim of discrimination in the testimony she provided. *Id.*

INSTRUCTION NO. 9---Adverse Employment Action

For a claim of discrimination based upon disparate treatment or based upon retaliation, the plaintiff cannot recover damages unless she can establish based upon a preponderance of the evidence that she suffered an adverse employment action.  Mac Cormack v. Boston Edison Co., 423 Mass. 652, 662 (1996) *citing* Lewis v. Gillette, Co., 22 F.2d 22, 24 (1st Cir. 1994); *see also* Stutler v. Illinois Department of Correction, 263 F.3d 698, 702-703 (7th Cir. 2001).  To constitute "adverse employment action," the contested actions must be substantial enough to count as the kind of material disadvantage, such as actual termination, failure to promote, denial of a transfer, or refusal to hire an individual.  Miller v. NH Department of Correction, 296 F.3d 18, 22 (1st Cir. 2002)

INSTRUCTION NO. 10---Retaliation--Causation

Even if plaintiff can establish that she engaged in protected activity (i.e. that she provided testimony supporting another employee's lawsuit claiming violations by the DOC of the anti-discrimination laws), and proves that he suffered adverse employment consequences, he must still establish a causal link between the two.  Wyatt v. City of Boston, 35 F.3d 13, 15 (1st Cir. 1994); Morris v. Boston Edison Co., 942 F.Supp. 65, 68-69 (D.Mass. 1996).

INSTRUCTION NO. 11--Damages

      The burden of proof on the issue of damages, as with every element of the plaintiffs' claims, rests on the plaintiffs.  They have the burden to establish by a preponderance of the evidence both the fact of damages and the amount of damages.  G.L. c. 151B, §9; <u>Stone v. Essex Newspaper, Inc.</u>,  367 Mass. 849, 860 (1975); <u>Malone v. Blecher</u>, 216 Mass. 209, 212 (1913).

INSTRUCTION NO. 12---Compensatory Damages: Causation: Emotional Distress

The plaintiff must establish by a preponderance of the evidence the causal connection between the defendant's discriminatory conduct and the plaintiff's injuries. Lipchitz v. Raytheon, *supra*.  If the injuries for which damages are claimed are not ascertainable or apparent to you by objective evidence, such as their claims for nervousness, depression or other mental conditions which the plaintiffs allege were caused by the defendant's acts, then, you may not award any compensation unless there is expert medical testimony or other objective testimony through witnesses from which you can make an informed judgment as to the existence, nature, duration and seriousness of such condition, and whether it is causally related to the alleged conduct of the defendant.  Bullared v. Central Vermont Ry., Inc., 565 F.2d 193, 197 (1st Cir. 1977); Perez v. Rodriguez, 575 F.2d 21, 25 (1st Cir. 1961).

INSTRUCTION NO. 13--Punitive Damages

The plaintiff is seeking punitive damages, which you may award for employment discrimination if the following conditions are met.  G.L. c.151B, §9. You may only award punitive damages if you find the defendant's conduct was outrageous due to the defendant's evil motive or reckless indifference to the rights of the plaintiffs.  Bain v. City of Springfield, 424 Mass. 758, 763-764 (1997) Abramian v. President & Fellows of Harvard College, 432 Mass. 107, 119 (2000); Dartt v. Browning-Ferris Indus, Inc., 427 Mass. 1, 17 (1998).  The fact that the defendant might have acted with discriminatory intent is not enough to award punitive damages, since the legislature intended punitive damage awards be made under those circumstances that are so egregious that punishment is required to deter the defendant from engaging in such conduct in the future.  Labonte v. Hutchins & Wheeler, 424 Mass. 813, 826 (1997)(adopting BMW of N. Am. v. Gore, 517 U.S. 559 (1996)).That reasonableness of a punitive damage award, if warranted, should consider the following these factors: (1) degree of reprehensibility of defendant's conduct; (2) the actual harm plaintiff suffers; and (3) comparison with any civil or criminal penalties that could be imposed for comparable misconduct, (4) the amount which would punish the defendant, given the defendant's wealth or ability to pay a judgment, and (5) the likelihood of the conduct re-occuring without such punitive measures. See Labonte.

INSTRUCTION NO. 14---Reasonableness of Damages

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate her for her loss, as established by a preponderance of the evidence in the case, and which were sustained as a proximate result of the defendant's conduct. You are not permitted to award speculative damages. So, you are not to include in any verdict, compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future. Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251 (1946), reh. denied, 327 U.S. 817; Story Parchment Co., v. Paterson Parchment Paper Co., 282 U.S. 555 (1931); Brown v. United States, 230 F. Supp. 774, 776 (D. Mass. 1964).

**ATTACHMENT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE BOLDUC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 05 Civ. 10067 RCL |
| ) | |
| COMMONWEALTH OF MASSACHUSETTS, ) | |
| DEPARTMENT OF CORRECTION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S PROPOSED JURY *VOIR DIRE*

The defendant, Commonwealth of Massachusetts–by and through its Department of Correction, submits the following, proposed jury *voir dire*, in addition to those utilized by the Court when empaneling jurors for similar employment discrimination case:

Proposed Question 1:

Have you or a member of your family ever been placed in the custody of the Department of Correction?

Proposed Question 2:

Do you or a member of your family have any dispute or claims against the Commonwealth of Massachusetts and .any of its agencies, for any reasons?

Proposed Question 3:

Have you or a member of your family ever been subject to discrimination in the workplace?

Proposed Question 4:

Do you have personal knowledge or personal understandings, notions or beliefs, whether

confirmed or not, about the operations of or atmosphere within a state prison housing dangerous felons which you believe might hinder your ability to render a fair and impartial verdict in this employment discrimination case?

Proposed Question 5

Do you have any personal opinion concerning women working as correction officers in a facility housing men convicted of violent crimes, pro or con, which would impair your ability to render a fair and impartial verdict in this case?

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,
by and through its DEPARTMENT OF
CORRECTION,

Defendant,

By its Attorneys,

MARTHA COAKLEY,
ATTORNEY GENERAL


  /s/ Matthew Q. Berge
Matthew Q. Berge BBO#560319
Anne M. Sterman BBO#650426
Assistant Attorneys General
Trial Division
One Ashburton Place
Boston, MA 02108
(617) 727-2200 ext.2310

DATED: May 24, 2007