UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE BOLDUC, )<br>  )<br>    Plaintiff, )<br>  )<br>v. )<br>  )<br>COMMONWEALTH OF MASSACHUSETTS, )<br>DEPARTMENT OF CORRECTION, )<br>  )<br>    Defendant. )<br>  ) | C.A. No: 05-10067 RCL |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Defendant Commonwealth of Massachusetts, Department of Correction (the "Department") submits this Opposition to Plaintiff's Motion in Limine (the "Motion"). The Motion seeks to exclude from evidence an "Executive Summary" which documents the Defendant's investigation into Plaintiff's improper conduct in the spring of 2003, on the basis that the Executive Summary is hearsay and prejudicial.

The Executive Summary is admissible, however, under the business records exception to the hearsay rule. Rule 803(6) provides that a document is not hearsay, and is admissible, if it is "a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or hear the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation …" Fed. R. Evid. 803(6).

In the instant case, monitoring employee compliance with the Department's Rules and Regulations is a regularly conducted business activity of the Department of Corrections. Given

the safety issues inherent in operating the Department's correctional facilities, the Department places a priority on regulating and monitoring employee conduct. The safety and security of the Department's facilities, employees, and inmates depends upon strict compliance with the Department's Rules and Regulations. As a result, the Department regularly investigates allegations of improper employee behavior. The routine product of these investigations into employee conduct is a document such as the Executive Summary at issue here.

The Executive Summary is relevant to the core issue in this litigation. The plaintiff will attempt to prove that the Commissioner's decision to terminate the plaintiff was motivated by discriminatory animus. The report is relevant to rebut that implication, and to show that the Commissioner's decision was motivated by factors other than discriminatory animus or retaliation. The report contains conclusions of investigators about the plaintiff's inappropriate relationship with an inmate, and other conduct which created risk to inmates and staff by violations of the regulations. Defendant would be severely prejudiced if the report is excluded.

To the extent the Plaintiff believes the Executive Summary to be misleading or contain false information, she may cross-examine the Executive Summary's authors, or other relevant witnesses, at trial. The Plaintiff's belief that the contents of the Executive Summary are prejudicial does not itself provide sufficient grounds to exclude the document from evidence.

                           COMMONWEALTH OF MASSACHUSETTS
                           By its Attorneys

                           MARTHA COAKLEY
                           ATTORNEY GENERAL


                           /s/ Matthew Q. Berge
                           Matthew Q. Berge, BBO # 560319
                           Anne Sterman, BBO # 650426
                           Assistant Attorneys General
                           Government Bureau/Trial Division
                           One Ashburton Place, Room 1813
                           Boston, MA 02108
                           (617) 727-2200 x2310
Date: May 30, 2007


## CERTIFICATE OF SERVICE

    I, Anne Sterman, Assistant Attorney General, certify that on May 30, 2007 I served the foregoing **opposition**, upon all parties, by electronically filing a copy through the ECF System.


                           /s/ Anne Sterman
                           Anne Sterman