COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTINE BOLDUC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMONWEALTH OF MASSACHUSETTS, ) <br> DEPARTMENT OF CORRECTION, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No: 05 Civ. 10067 RCL |

**DEFENDANT'S MOTION TO AMEND OR, IN THE ALTERNATIVE, SUPPLEMENT ITS ANSWER TO ASSERT AFFIRMATIVE DEFENSES ARISING FROM PLAINTIFF'S UNION'S STATE SUPERIOR COURT PROCEEDINGS**

The defendant, Commonwealth of Massachusetts–by and through its Department of Correction, moves pursuant to Fed.R.Civ.P. 15(a) for an order granting it leave to file an Amended Answer or, in the alternative, pursuant to Fed.R.Civ.P. 15(d) for an order granting it leave to file a Supplemental Answer, to assert release as a defense to this action. As grounds for this motion, the defendant states:

1. On December 23, 2003, the plaintiff executed a document purporting to be a settlement agreement between the defendant Massachusetts Department of Correction ("DOC"), her employer, and the Massachusetts Correction Officer Federated Union ("MCOFU"), the plaintiff's union. Neither the DOC nor MCOFU executed that agreement. A copy of the document is attached as exhibit 1.

2. The agreement's terms included a term for reinstatement in exchange for plaintiff's agreement to "....withdraw...any and all pending claims and/or actions against the

Department [of Correction] in any forum including but not limited to...MCAD...and agrees not to pursue any claim(s) which could have been asserted in any forum." Exhibit 1, §1.

3. On July 14, 2004, MCOFU filed a complaint in Massachusetts Superior Court seeking a declaratory judgment to enforce the agreement attached as Exhibit 1. The DOC denied and continues to deny that there was any contract by and between the DOC and MCOFU or plaintiff, as evidenced by the lack of any authorized signatures for either DOC or MCOFU on that document, among other reasons.

4. On June 4 -5, 2007, the MCOFU case was tried without a jury in the Superior Court. The Superior Court has not rendered any decision in that bench trial.

5. This matter is scheduled for trial on June 11, 2007. The DOC maintains that there is no agreement between it and MCOFU to which it is bound. If the DOC is correct, then there was no agreement reached by and between the parties and, therefore, no release to assert as a defense based upon exhibit 1. However, if the Superior Court rules in MCOFU's favor and finds that exhibit 1 is contract binding and enforceable against all parties, then the plaintiff and her union should be bound by the release provided as valuable consideration for that contract.

6. Fed.R.Civ.P. 15(a) provides that "...a party may amend the party's pleading only by leave of court or by written consent of the adverse party, *and leave shall be freely given when justice so requires.*" (emphasis added). It would not serve the interest of justice to deny the DOC leave to file an Amended Answer to assert this potential release as a defense. *See* <u>Pyramid Co. of Holyoke v. Homeplace Stores Two, Inc.</u>, 175 F.R. D. 415, 417 (D.Mass. 1997)(leave sought should be freely allowed, absent "....undue delay, bad faith or dilatory motive [causing] undue prejudice to the opposing party by virtue of the amendment.")  Should the Superior Court

enter judgment in favor of MCOFU, denying the DOC leave to assert this defense would have the unjust result of granting the plaintiff the benefit of MCOFU's bargain under the DOC agreement (exhibit 1), while denying the DOC and the public it serves the benefit of the valuable consideration it negotiated in exchange for that agreement.

7. In the alternative, Fed.R.Civ.P. 15(d) grants this Court discretion to allow a party to supplement its pleading "....upon reasonable notice and upon such terms as are just to serve a supplemental pleading setting forth transactions or occurrences or events which happened since the date of the pleading sought to be supplemented." The DOC filed its Answer in this litigation on June 16, 2005. Although the DOC still maintains that it is not enforceable, should the Superior Court enter an order granting the relief MCOFU seeks, then the DOC would have the agreement's release available to it with respect to the claims asserted by plaintiff, individually, "....in any other forum." *See* Exhibit 1, §1.

8. Granting the DOC leave to file this Amended Answer, or in the alternative a Supplemental Answer, to assert this defense will not delay the trial in the Federal Court or unduly prejudice plaintiff in the proceedings as scheduled in Federal court. <u>Pyramid Co. of Holyoke</u>, *supra*. The defense may be preserved through the course of the Federal trial. Should the Superior Court enter a judgment in MCOFU's before judgment enters in the U.S. District Court, then the U.S. District Court will have jurisdiction to make a legal determination about the effect of the release language on this Federal litigation. Nothing, however, would prevent all other Title VII or chapter 151B issues on liability and damages from being reduced to a verdict by a Federal jury in the interim.

WHEREFORE, the defendant respectfully requests that the Court grant it leave pursuant

to Fed.R.Civ.P. 15(a) to file an Amended Answer for the purpose of asserting the release in the MCOFU agreement as a bar to this Federal claim, or in the alternative, an order granting leave pursuant to Fed.R.Civ.P. 15 (d) to file a Supplemental Answer for the same purpose.

        Respectfully submitted,

        COMMONWEALTH OF MASSACHUSETTS,
        by and through its DEPARTMENT OF
        CORRECTION,
        Defendant,
        By its Attorneys,
        MARTHA COAKLEY,
        ATTORNEY GENERAL

        **/s/ Matthew Q. Berge**
        Matthew Q. Berge BBO#560319
        Anne M. Sterman BBO#650426
        Assistant Attorneys General/ Trial Division
        One Ashburton Place
        Boston, MA 02108
        (617) 727-2200 ext.2310

DATED:  June 5, 2007