COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10067-RCL

_____

**CHRISTINE BOLDUC**
*Plaintiff*

v.

**COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTION**
*Defendant*

_____

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND OR, IN THE ALTERNATIVE, SUPPLEMENT ITS ANSWER**

Plaintiff Christine Bolduc hereby opposes the Motion of Defendant in this action, to either amend or supplement its answer. As grounds for this opposition, Plaintiff states as follows:

1. The lawsuit between the Massachusetts Correction Officer Federated Union ("MCOFU") and the Department of Correction in which it is asserted that there was a valid agreement to settle this dispute between Christine Bolduc and the Department of Correction, was filed in Superior Court in July, 2004. Accordingly, Defendant has known that MCOFU was litigating the fact that there was a valid agreement which allegedly contains a release in it, for approximately 3 years. The answer in the lawsuit pending in this Court was filed on June 16, 2005, two years ago. Accordingly, Defendant has known of the pendency of the issue of the release (and its potential impact upon this litigation) for at least two years. Defendant has not supplied any explanation for this two year delay in its motion.

2. At the time the answer in this case was filed in June, 2005, Defendant knew of the pendency of the MCOFU action and knew that the question of a release might be an issue in this action.

3. Despite knowing that the issue of a release might be an issue in this action, Defendant has not even attempted to amend or supplement its answer in this action for two years, and not until days before the trial of this action.

4. Plaintiff will be prejudiced should the motion to amend or supplement be granted. As this defense was not asserted until recently, Plaintiff has not been able to engage in discovery regarding this defense. Additionally, Plaintiff has

       been required to litigate this case for several years and will now try the case. It would be unfair to Plaintiff to have to litigate this case to a conclusion and then have to undergo the possibility of a verdict in her favor being overturned due to the Motion to Amend being allowed at this late date.

5.      Plaintiff further notes that the validity of any alleged release and its applicability to this case will not have been determined by the conclusion of the trial of this action. As of the present time and during the trial of this action, there is no valid agreement between MCOFU and Defendant, and there cannot even be a claim that any release applies to this action. The applicability of any alleged release becomes even more uncertain, when the possibility of an appeal of the Superior Court's eventual decision is taken into consideration. Accordingly, should any release be found to exist it would have to be deemed to apply retroactively in order to impact upon this case. Plaintiff asserts that any such retroactive application of the release to the verdict in this case (in order to invalidate the verdict), would constitute a denial of procedural due process to Plaintiff.

6.      Although the question of the validity of any alleged release is not currently before the Court, Plaintiff notes that she does not agree that there would be any binding release of her discrimination claims even should the Superior Court hold that a valid agreement existed. Furthermore, Plaintiff asserts that the release contained in any such agreement is now unenforceable due to the conduct of Defendant in requiring Plaintiff to litigate a suit against it for several years to enforce the agreement.

7.      In light of all of the circumstances of this matter, it would be contrary to the interests of justice to allow the amendment or supplementation of the answer, due to, among other things, Defendant's unexcused delay and the fact that this delay will cause undue prejudice to Plaintiff.

For all the foregoing reasons, it is respectfully requested that Defendant's Motion to Amend or Supplement its Answer be denied.

                Respectfully submitted,
                CHRISTINE BOLDUC
                By her attorney,

                /s/ Mitchell J. Notis
                _____
                MITCHELL J. NOTIS, BBO# 374360
                *Law Office of Mitchell J. Notis*
                370 Washington Street
                Brookline, MA 02445
                Tel: 617-566-2700

CERTIFICATE OF SERVICE

I, Mitchell J. Notis, hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party to this action by electronic means using the Court's Electronic Case Filing System on June 8, 2007.

                                      /s/ Mitchell J. Notis
                                      _____
                                      Mitchell J. Notis